UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:11-CR-80-DBH |
| | ) | |
| JOANNE COVAIS, | ) | |
| Defendant | ) | |

**ORDER ON DEFENDANT'S FAILURE TO APPEAR AT HEARING**

Today the defendant Covais failed to be present for the hearing on the amended petition to revoke her probation. At my direction, the U.S. Marshal Service had served her with personal notice of the hearing so that there could be no confusion about her obligation to appear. Ms. Covais failed to provide her lawyer Attorney Neale Duffett with sufficient information to justify her non-appearance. Instead, she sent directly to the Clerk's Office 2 pages of a 5-page Hospital report from July 9, 2014, concerning a contusion to her foot. Attorney Duffett did his best with those materials, filing a motion to continue on her behalf with those materials as support. But from what Ms. Covais sent, it is difficult to determine whether the contusion is a serious matter and whether the doctor's advice to keep her leg elevated has only to do with alleviating pain or some more significant complication.

The motion to continue is therefore **DENIED** and on the record I **ORDERED** that a bench warrant issue for her arrest and production in court on Tuesday, July 15, 2014, at 12 noon so that the hearing may proceed. I delayed the effect

of the bench warrant (rather than immediate arrest) only because of the uncertainty Ms. Covais has created concerning her medical condition.

     I remind Ms. Covais that Attorney Neale Duffett <u>is her lawyer</u>. She has the right to a lawyer in this probation revocation proceeding, and the right to a court-appointed lawyer if she cannot afford to hire her own (she cannot afford to hire one), but <u>she does not have the right to choose the lawyer appointed for her</u>. Ms. Covais has been through a succession of lawyers, more than I can remember for a comparable case. In her underlying criminal case, the court first appointed Hillary Billings of the Federal Defender's Office to represent her. When that relationship broke down, the court appointed Peter Rodway and he represented her through sentencing. At the initial hearing on the pending petition to revoke probation, the court appointed Sarah Churchill to represent her. That relationship broke down and the court appointed Joel Vincent. That relationship broke down and the court appointed Peter Rodway, the lawyer who represented her at sentencing. Ms. Covais refused to accept Attorney Rodway ostensibly because he is too friendly with the Court's Probation Officer Matt Brown, and the court appointed Neale Duffett. Now Ms. Covais wants to be rid of Neale Duffett and to date I have stated that I have been given no sufficient reason why Ms. Covais should not be represented by Mr. Duffett. <u>See</u> Order of June 24, 2014, (ECF No. 196). (Ms. Covais has avoided the court's attempts to have an in-person hearing that could include further consideration of the motion to withdraw, requesting to appear by telephone (denied) and now failing to attend the scheduled hearing today.)

At the rescheduled hearing Ms. Covais shall be prepared to proceed on the merits of the petition to revoke. Attorney Duffett shall be prepared to represent her. Unless there is some new and sufficient ground for his withdrawal, Ms. Covais's only choice is to accept him as her lawyer or to proceed in the revocation hearing without a lawyer (a very bad idea for Ms. Covais). There will not be a further continuance unless I grant Attorney Duffett's motion to withdraw.

I remind Ms. Covais once again that although her probation term would otherwise have expired by now, the filing of the petition to revoke before its expiration means that this court has authority to act on the petition. Title 18 U.S. Code § 3565(c) states:

> The power of the court to revoke a sentence of probation for violation of a condition of probation, and to impose another sentence, extends beyond the expiration of the term of probation for any period reasonably necessary for the adjudication of matters arising before its expiration if, prior to its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

That is the case here.

Because Attorney Duffett continues to represent Ms. Covais, I **DENY** her self-filed motion for transcript at government's expense (ECF No. 204). If there is any merit to the motion, Attorney Duffett may refile it. I remind Ms. Covais that as long as Attorney Duffett continues to represent her (and he does unless and until I grant the motion to withdraw), her filings and letters to the court need to come through him.

**SO ORDERED.**

**DATED THIS 11TH DAY OF JULY, 2014**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**